IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| KEVIN YOUNG, | : | CIVIL ACTION |
|---|---|---|
| **Plaintiff** | : | |
| | : | |
| v. | : | NO. 17-4128 |
| | : | |
| MRS. ROSE, et al., | : | |
| **Defendants** | : | |

## MEMORANDUM

**Slomsky, J.**                          **SEPTEMBER   , 2017**

Plaintiff Kevin Young brings this action against "Mrs. Rose" and Pretty Nails Company, LLC. He seeks to proceed *in forma pauperis*. For the following reasons, the Court will dismiss the complaint without prejudice to plaintiff refiling his claims in state court.

### I. FACTS

Plaintiff alleges that, on either August 25, 2017 or August 26, 2017, he paid for a pedicure at Pretty Nails Company that was performed by Mrs. Rose. According to the complaint and attachments to the complaint, while Mrs. Rose was cleaning the toenails on his left foot she used a sharp pointed item that dug into the cuticle on his fourth left toe, causing sharp pain and bleeding. The plaintiff sought medical care after the toenail began to turn black, required medication to treat the injury, and sought additional follow-up medical treatment. Based on those facts, plaintiff initiated this lawsuit against Mrs. Rose and Pretty Nails. He seeks $150,000 in damages.

### II. STANDARD OF REVIEW

Plaintiff is granted leave to proceed *in forma pauperis* because it appears that he is unable to pay the costs of filing suit. As plaintiff is proceeding *in forma pauperis*, 28 U.S.C. §

1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). As plaintiff is proceeding *pro se*, the Court must construe his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011). Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

### III. DISCUSSION

There is no basis for a federal claim apparent from the complaint. To the extent plaintiff is raising claims under state law, the only possible independent basis for subject matter jurisdiction is 28 U.S.C. § 1332(a), which grants district courts jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Here, it appears from the complaint that the parties are not diverse. Accordingly, there is no basis for jurisdiction over any potential state law claims. If plaintiff seeks to pursue those claims, he must proceed in state court.

### IV. CONCLUSION

For the foregoing reasons, the Court will dismiss plaintiff's complaint without prejudice to him refiling his claims in state court. Plaintiff will not be given leave to file an amended complaint because he cannot cure the defects noted above. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). An appropriate order follows.